WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP

B. OTIS FELDER #7834
*Otis.Felder@wilsonelser.com*
555 S. Flower Street, Suite 2900
Los Angeles, CA 90071
Tel: (213) 330-8844
Fax: (213) 443-5101

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MARCELO BRANZUEL, <br><br> Plaintiff, <br><br> vs. <br><br> WENCONG JIAN, an individual; UBER TECHNOLOGIES, INC; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10, <br><br> Defendants. | Civil No. 1:21-cv-111 <br> (Motor Vehicle Tort) <br><br> **DEFENDANT UBER TECHNOLOGIES, INC.'s NOTICE OF REMOVAL; CERTIFICATE OF SERVICE** |

## <u>DEFENDANT UBER TECHNOLOGIES'S NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and

1446, Defendant, UBER TECHNOLOGIES, INC. ("Uber"), by and through its

1

attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, hereby removes this civil action from the Circuit Court of the First Circuit, State of Hawaiʻi, where it is currently pending, to the United States District Court for the District of Hawaiʻi.

This Court has original jurisdiction over this action under 28 U.S.C. §1332(a) on the grounds that complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Plaintiff, MARCELO BRANZUEL ("Plaintiff"), is a resident, citizen, and domiciled in the State of Nevada, County of Clark, and Defendant WENCONG JIAN ("Wencong") is a resident of the City of and County of Honolulu, State of Hawaiʻi, and Defendant Uber is a citizen of Delaware and California with its principal place of business located in the City and County of San Francisco, California.

## BACKGROUND

1.     On or about February 1, 2021, Plaintiff commenced an action in the Circuit Court of the First Circuit Court, State of Hawaiʻi (the "State Court") bearing Case No. 1CCV-21-0000123, captioned "*Marcelo Branzuel v. Wencong et al*." by way of filing a Civil Information Sheet and a Complaint and Summons (the "Complaint," a copy of which is attached as **Exhibit A** to the Declaration of B. Otis Felder ("Felder Decl.") filed herewith).

2.     On or about February 20, 2021, Plaintiff amended his allegations by filing a First Amended Complaint with the State Court (the "Amended Complaint,"

2

a copy of which is attached as **Exhibit B** to "Felder Decl."), which changed the name of the Defendant "WENGONG" to "WENCONG JIAN."

3.      On or about February 22, 2021, Plaintiff informed Defendant Uber of the filing of the "Amended Complaint" and requested Defendant Uber accept service of it along with the amended summons.

4.      Based on discussions with Plaintiff's counsel, Plaintiff's medical bills are over $100,000, and given Plaintiff's allegations that he has incurred and continues to incur lost wages, medical expenses, possible future medical expenses, emotional distress, pain and suffering, and loss of enjoyment of life, Defendant Uber has more than sufficient reason to believe that Plaintiff is claiming damages far in excess of the sum of $75,000 exclusive of costs and interest.

## GROUNDS FOR REMOVAL AND BASIS
## FOR FEDERAL JURISDICTION

5.      As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

/ / /

/ / /

3

## Timeliness, Joinder, and Venue

6.     The Complaint was filed February 1, 2021 and Amended Complaint filed February 20, 2021 in the State Court.  This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of Uber's receipt of the Complaint and Amended Complaint.  See 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal"); Fed. R. Civ. P. 6(a)(1). Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 347-348 (1999) (removal is timely if filed within 30 days of formal service of summons and complaint); Quality Loan Serv. Corp. v. 24702 Pallas Way, 635 F.3d 1128, 1133 (9th Cir. 2011) (same).

7.     None of the properly joined and served defendants is a citizen of the State in which this action is brought, and thus removal is proper under 28 U.S.C. § 1441(b)(2). Dechow v. Gilead Scis., Inc., 358 F. Supp. 3d 1051, 1054-55 (C.D. Cal. 2019) ("[T]he Court adopts the plain language interpretation of § 1441(b)(2), which requires a party to be properly joined **and** served before the forum defendant rule may limit the Court's jurisdiction.")  (Original emphasis).

/ / /

/ / /

3050771v.1

8.      The United States District Court for the District of Hawaiʻi is the district within which the action in State Court is pending, and is, therefore, the proper venue for this action.  See 28 U.S.C. § 1446(a).

9.      The Court has diversity jurisdiction over this civil action under 28 U.S.C. § 1332.  As detailed below, this action is removable pursuant to 28 U.S.C. § 1441 because there is complete diversity between the proper parties and the amount in controversy exceeds the jurisdictional minimum.

## Diversity of Citizenship

10.      For purposes of diversity jurisdiction, a natural person's citizenship is determined by his "domicile," which is defined as the person's "permanent home, where she resides with the intention to remain or to which she intends to return." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  Plaintiff alleges to be a "resident of Las Vegas, Nevada".  Ex. B,   Amended Compl. at ¶ 1. Therefore, Defendant Uber is informed and believes Plaintiff is a citizen of Nevada.

11.      Likewise, Plaintiff alleges that Defendant Wencong "was a resident of the City and County of Honolulu." Ex. B, Amended Compl. at ¶ 2.  Therefore, Defendant Uber in informed and believes Defendant Wencong is a citizen of Hawaiʻi.  Furthermore, Defendant Uber is informed and believes that Defendant Wencong has not been properly served with the Complaint or Amended Complaint,

5

and thus, pursuant to 28 U.S.C. § 1441(b)(2), his citizenship is not a bar to removal. See, e.g., Dechow, 358 F. Supp. 2d at 1054-55; Jacob v. Mentor Worldwide LLC, 393 F. Supp. 3d 912, 920 (C.D. Cal. 2019) ("This Court previously held that the above statute [28 U.S.C. § 1441(b)] precludes removal only when the in-state defendant has been both properly joined and properly served in the action prior to removal."). See also Colo. Seasons, Inc. v. Friedenthal, No. LA CV 19-09050 JAK (FFMx), 2020 U.S. Dist. LEXIS 84645, *8 (C.D. Cal. May 13, 2020).

12.     Defendant Uber is a citizen of Delaware and California.  Uber is a corporation organized under the laws of the State of Delaware and has its principal place of business is San Francisco, California.   Uber's headquarters in San Francisco is the corporation's "nerve center" because that is where its officers direct, control, or coordinate its activities.  See Hertz Corp. v. Friend, 559 U.S. 77, 80-81 (2010) (adopting the "nerve center test," which locates a corporation's principal place of business in the place "where the corporation's high level officers direct, control, and coordinate the corporation's activities," "typically" the corporation's headquarters).  Accordingly, pursuant to 28 U.S.C. § 1332(c)(1), Uber is, and at all relevant times was, not a citizen of Hawai'i or Nevada.

13.     "For the purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).  Newcombe v. Adolf Coors Co., 157 F.3d 686, 690-691 (9th Cir. 1998). Accordingly, complete

diversity exists between Plaintiff, a Nevada citizen, and the Doe Defendants, none of which is a Nevada citizen.

### Amount in Controversy Requirement Satisfied

14.     The test for determining whether the minimum amount in controversy requirement is satisfied is whether it is "more likely than not" that Plaintiff is seeking to recover more than $75,000 in this action, exclusive of interest and costs. See Dart Cherokee Basin Operating Co. v. Owens, 135 S.Ct. 547, 553 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.").

15.     While Uber denies any liability as to Plaintiff's claims, this Court's jurisdictional minimum is whether an amount in controversy is in excess of $75,000. See 28 U.S.C § 1446(c)(2).  Based on discussions with Plaintiff's counsel, Plaintiff claims his past medical bills are over $100,000, and given Plaintiff's allegations that he has incurred and continues to incur lost wages, medical expenses, possible future medical expenses, emotional distress, pain and suffering, loss of enjoyment of life, Defendant Uber is informed and believes that Plaintiff claims and seeks damages far in excess of the sum of $75,000 exclusive of costs and interest.  See also Felder Decl. at ¶ 4.

/ / /

7

## Other Pre-Requisites for Removal and Venue Are Satisfied

16.     Pursuant to 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

17.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

18.     Upon receiving a file-marked copy of this Notice of Removal, a file-marked copy of this Notice of Removal and the accompanying filings will be served upon counsel for Plaintiff and filed with the Clerk of the Circuit Court of the First Circuit of the State of Hawai'i as required by 28 U.S.C § 1446(d).

## Conclusion

19.     By filing this Notice of Removal, Defendant Uber does not waive its rights to object to jurisdiction over the person, improper service, venue, or other defenses or objections to this action, including but not limited to resolving the dispute through arbitration, and specifically reserves the right to assert any defenses and/or objections to which it may be qualified to assert.

20.     If any question arises as to the propriety of the removal of this action, Defendant Uber respectfully requests the opportunity to submit briefing

8

and oral argument and to conduct discovery in support of its position that subject matter jurisdiction exists herein.

**WHEREFORE,** Defendant, Uber Technologies, Inc., respectfully requests that the action bearing Case No. 1CCV-21-0000123, captioned "*Marcelo Branzuel v. Wencong et al*." pending in the Circuit Court for the First Circuit of the State of Hawai'i be removed to this Court, and that this Court exercise its subject-matter jurisdiction over this action, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: February 22, 2021                    WILSON ELSER MOSKOWITZ
                                                                EDELMAN & DICKER LLP


By:_____
           B. Otis Felder, Esq.
*Attorneys for Defendant Uber Technologies, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was duly served upon the following persons electronically though email on Feb. 22, 2021 as it was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the person(s) listed below along with sending a copy of this filing via electronic mail:

CHRISTOPHER A. DIAS
Tissue Genesis Tower
810 Richards Street, Suite 839
Honolulu, Hawai'i 96813
Tele: (808) 524-4600
Email:  chris@chrisdiaslaw.com

Dated:  February 22, 2021                    Respectfully Submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By:  /s/ *B. Otis Felder*
B. Otis Felder
*Attorneys for Defendant Uber*