# EXHIBIT A

```
CHRISTOPHER A. DIAS      6265-0
Tissue Genesis Tower
810 Richards Street, Suite 839
Honolulu, Hawai`i  96813
Telephone:  (808) 524-4600
```

**Electronically Filed**
**FIRST CIRCUIT**
**1CCV-21-0000123**
**01-FEB-2021**
**02:17 PM**
**Dkt. 1 CMP**

Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI`I

| | |
|---|---|
| MARCELO BRANZUEL<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>WENCONG, an individual; UBER TECHNOLOGIES, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE NON-PROFIT ENTITIES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10,<br><br>　　　　Defendants. | CIVIL NO. _____<br>(Motor Vehicle Tort)<br><br>COMPLAINT; DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff MARCELO BRANZUEL, as and for his claims for relief, states as follows:

### COUNT I

1. At all times relevant herein, Plaintiff MARCELO BRANZUEL was a resident of Las Vegas, Nevada.

2. At all times relevant herein, Defendant WENCONG was a resident of the City and County of Honolulu, State of Hawai`i and was acting as an agent/employee of UBER.

3. At all times relevant herein, Defendant UBER TECHNOLOGIES, INC. ("UBER") is a foreign corporation doing

I do hereby certify that the foregoing is a full, true and correct copy of the official court record of the Courts of the State of Hawai`i.
Dated at: Honolulu, Hawai`i 01-FEB-2021, /s/ Lori Ann Okita, Clerk of the First Judicial Circuit, State of Hawai`i



EXHIBIT A

business as UBER in the City and County of Honolulu, State of Hawai`i.

4.   Defendants JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE NON-PROFIT ENTITIES 1-10, and DOE GOVERNMENTAL ENTITIES 1-10 (hereinafter referred to as "Doe Defendants") are persons, corporations, partnerships, business entities, non-profit entities, and/or governmental entities who acted in a negligent, wrongful or tortious manner which proximately caused or contributed to injuries and damages sustained by Plaintiffs. Plaintiffs have been unable to ascertain the names and identities of the above-named Doe Defendants from the investigation that has been conducted to date. Accordingly, Plaintiffs have sued the unidentified Doe Defendants herein with fictitious names pursuant to Rule 17(d) of the Hawai`i Rules of Civil Procedure, and Plaintiffs will substitute the true names, identities, capacities, acts and/or omissions of the Doe Defendants when the same are ascertained.

5.   All of the acts and occurrences alleged herein took place within the City and County of Honolulu, State of Hawai`i. Therefore, this matter is properly before this Court.

6.   On or about February 13, 2019, Plaintiff summoned a ride from Defendants UBER and Wencong, in the City and County on Honolulu, State of Hawai`i, Defendant Wencong operated a motor vehicle in a careless and negligent manner so as to cause the vehicle to abruptly stop causing Plaintiff's head to snap forward.

2

EXHIBIT A

7. As a direct and proximate result of the negligence of Defendant WENCONG, Plaintiff has suffered severe and permanent injuries, has incurred medical and rehabilitative expenses, has suffered mental and emotional distress, and has lost income and earning capacity, and has suffered other and additional damages all of which damages are in amounts which will be proven at the time of trial and which exceed the minimum jurisdictional requirements of this Court.

### COUNT II

8. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

9. UBER negligently trained, supervised and retained Defendant Wencong.

10. At all times relevant hereto, Defendant owned, maintained, and controlled Defendant Wencong's vehicle.

11. At all times relevant hereto, Defendant UBER and/or their employees, agents, servants, partners, associates, and/or associations owed a duty to manage and monitor the operations and behavior of their employees, partners, associates, contractors, and/or agents in a reasonable and prudent manner.

12. At all times relevant hereto, Defendant UBER and/or their employees, agents, servants, partners, associates, and/or associations negligently, carelessly, recklessly, and/or knowingly allowed and/or entrusted Defendant Wencong to drive his vehicle for business purposes.

3

EXHIBIT A

13. At all times relevant hereto, Defendants UBER TECHNOLOGIES, INC. and their employees, agents, servants, partners, associates, and/or associations breached their duty of reasonable care to the general public, and in particular to Plaintiff.

14. At all times relevant hereto, Defendants are jointly and severally liable for each of their aforementioned negligence and carelessness.

15. At all times relevant hereto, Defendant UBER is vicariously liable for Plaintiffs' damages resulting from their employees', agents', servants', partners', associates' and/or associations' negligent actions during the scope of their employment, partnership, association and/or agency.

16. As direct and proximate result of Defendant UBER's aforesaid actions, Plaintiff was injured in his health, strength and activity, sustained injury to his body and shock and injury to his person, all of which have caused and will continue to cause Plaintiff pain and suffering.

17. As a direct and proximate result of Defendant UBER's aforesaid actions, Plaintiff has incurred and continues to incur emotional distress, pain and suffering, loss of enjoyment of life, lost wages, medical expenses, and possible future medical expenses, all to Plaintiff, general and special damages in an amount in which will be proven at the time of trial and which exceed the minimum jurisdictional requirements of this Court.

EXHIBIT A

COUNT III

18.  Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

19.  Doe Defendants are persons or entities whose wrongful acts and/or omissions in some way proximately caused or contributed to Plaintiffs' injuries in ways presently unknown to Plaintiffs.

13.  Doe Defendants are vicariously liable for the negligence of their agents and/or employees through the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for general and special damages in amounts that will be proven at trial, and for their costs, interest from the date of the incident, reasonable attorneys' fees, and such other relief as the Court deems just and proper.  Plaintiffs contend that the amount of their damages as alleged herein falls within the jurisdictional requirements of this Court.

DATED:  Honolulu, Hawai`i, February 1, 2021.

/s/ Christopher A. Dias
CHRISTOPHER A. DIAS
Attorney for Plaintiff

5

EXHIBIT A